## WILLIAM C. GOUDY

### v.

## THE CITY OF LAKE VIEW.

*Municipal Corporations—Streets—Private Property—Condemnation of— Damages—Limitations—Evidence—Instructions.*

This court declines to interfere with a verdict omitting to make any allowance for the alleged injury to land remaining after a certain portion needed was taken under condemnation proceedings for street purposes by a municipality.

[Opinion filed May 29, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. A. W. GREEN, for appellant.

Mr. H. H. ANDERSON, for appellee.

MORAN, J.   The city of Lake View condemned part of the lot of appellant for a public highway.   The highway was laid out on the west line of Lincoln Park, and took fifty feet off the east line of the lot in question, so that after the opening of the street the lot abutted thereon instead of upon the park. Appellant had by consent of the Lincoln Park commissioners a private entrance from the said lot to the park which he had maintained and used for some seventeen years.   No complaint is made as to the value allowed by the jury for the part of the lot actually taken, but it is contended that the verdict is against the evidence on the question of damage to the remainder of the lot by reason of the improvement, for which no allowance was made.

The evidence on the question consisted of the conflicting opinions of real estate experts and property owners living in the neighborhood, each witness sustaining his opinion with

reasons more or less plausible. The conclusion that the remainder of the lot suffered no damage by reason of the improvement, is clearly supported by the evidence. It is true that the verdict would have been supported by the evidence if the contrary conclusion had been reached, but the question as to which set of opinions were best supported by reasons and entitled to the most weight was manifestly for the determination of the jury, and under the circumstances the court is without authority to interfere with the result which the jury reached from consideration of the evidence. It is contended that the court erred in instructing the jury that the permission given by the park commissioners to appellant to enter the park from his lot by the private entrance was revocable and might be withdrawn at any time, and that the statute of limitations did not run against said commissioners and in favor of appellant in respect to said private entrance. No authority is cited in support of appellant's contention in this regard, and we are aware of no principle of law which sustains it. In our opinion the law was correctly stated by the court in the instructions complained of.

There is no error and the judgment will be affirmed.

*Judgment affirmed.*

GARY, J., having tried this case in the Superior Court, takes no part in this decision.